UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KALPESHKUMAR PATEL,<br>    Plaintiffs,<br><br>        v.<br><br>DIRECTOR, U.S. CITIZENSHIP<br>AND IMMIGRATION SERVICES,<br>        Defendant. | No. 25-cv-11837-DLC |

### ORDER OF REASSIGNMENT AND REPORT AND RECOMMENDATION OF DISMISSAL FOR FAILURE TO SERVE THE DEFENDANT

CABELL, U.S.M.J.

The plaintiff Kalpeshkumar Patel, a citizen of India and resident of Massachusetts, filed this action pro se on June 26, 2025. He alleges that the defendant Director of the United States Citizenship and Immigration Services has unreasonably delayed making a bona fide determination ("BFD") on his petition for U nonimmigrant status, also known as a U Visa petition.[1] (D. 1, ¶¶ 10, 22, 73).

---

[1] By way of background, Congress authorized the Secretary of the Department of Homeland Security to issue "U-visas to noncitizen victims of serious crimes who cooperate with law enforcement . . . ." *Barrios Garcia v. U.S. Dep't of Homeland Security*, 25 F.4th 430, 436 (6th Cir. 2022) (citations omitted). A "U visa" thus incentivizes "noncitizen victims of certain crimes to . . . come forward and help law enforcement investigate and prosecute criminal activity." *Meridor v. U.S. Att'y Gen.*, 891 F.3d 1302, 1304 n.1 (11th 2018); *see generally Chuil Chulin v. Zuchowski*, Case No. 21-cv-00016-LB, 2021 WL 3847825, at *1 (N.D. Cal. Aug. 27, 2021) (noting plaintiff was allowed to petition "for U nonimmigrant status, called a U visa, by submitting Form I-918, Petition for U Nonimmigration Status (known as a U Visa Petition)").

Of note, there is no indication that the plaintiff has served the defendant with a summons and the complaint. For the reasons explained below, the court will order a reassignment of this case to a district judge and recommend upon reassignment that the case be dismissed without prejudice for lack of timely service.

## I. LEGAL STANDARD

"If a defendant is not served within 90 days after the Complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) ("Rule 4(m)"). "Any summons not returned with proof that it was served within 90 days of the filing of the complaint is deemed to be unserved for the purpose of Fed. R. Civ. P. 4(m)." L.R. 4.1.

Concordantly, Rule 4(m) commands that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *Hewes v. Pangburn*, No. 24-1736, 2025 WL 3677352, at *15 (1st Cir. Dec. 18, 2025) ("[N]on-discretionary language of Rule 4(m) commands district courts to inquire whether a plaintiff has good cause for failing to serve a defendant.") (citations omitted). Examples of good cause include a pro se plaintiff proceeding in forma pauperis who relies on the Marshals to serve process and provides them with the necessary information to identify the defendant. *Boyd v. Rue*,

2

Civil Action No. 09-10588-MLW, 2010 WL 3824106, at *1 (D. Mass. Sept. 27, 2010) ("[T]he First Circuit has held that a pro se plaintiff proceeding in forma pauperis shows good cause when the Marshals fail to meet their obligations.") (emphasis omitted). Moreover, "[e]ven without a showing of good cause, a court may, in its discretion extend the deadline for service instead of dismissing the case." *Mellen v. Amazon.com*, Civil Action No. 25-10404-NMG, 2025 WL 2146681, at *2 (D. Mass. July 28, 2025) (citing Rule 4(m)).

Separately, a different provision of Rule 4 requires the court to allow a party a "reasonable time to cure its failure to" serve a United States officer sued in an official capacity "*if* the party has served either the United States attorney or the Attorney General of the United States . . . ." Fed. R. Civ. P. 4(i)(4)(A) (emphasis added); Fed. R. Civ P. 4(i)(2).  If a United States Officer is sued in his individual capacity, Rule 4 likewise requires a reasonable time to cure the failure "if the party has served the United States officer . . . ."  Fed. R. Civ. P. 4(i)(4)(B); Fed. R. Civ. P. 4(i)(3).

### III.  BACKGROUND

As indicated, the plaintiff filed this action pro se on June 26. Of note, he paid the filing fee and is not proceeding in forma pauperis.

3

There is also no doubt that the plaintiff received the summons. The Clerk mailed the plaintiff a copy of the summons, which was delivered to the plaintiff's address of record on September 12. (D. 8).

On December 22, 2025, the court advised the plaintiff that the docket failed to reflect service within the ninety-day period. (D. 10). The court also directed the plaintiff to the applicable rule for serving the United States and its officers, i.e., Rule 4(i). (D. 10). At the same time, the court informed the plaintiff that it would recommend a dismissal of this action without prejudice on or after January 5, 2026, absent proof of service.[2] (D. 10). To date, the plaintiff has not responded to the December order let alone provided any proof of service. In accordance with

---

[2] The relevant docket entry reads as follows:

> The docket fails to reflect that the plaintiff has served the defendant within ninety days after filing this action on June 26, 2025. As a result, the plaintiff is notified that the court will recommend a dismissal of this action without prejudice on or after January 5, 2026, absent proof of service filed no later than January 5. *See* Fed. R. Civ. P. 4(m). Thus, in the event the plaintiff has served the defendant, he is instructed to file no later than January 5 an executed return of summons showing service in accordance with Federal Rule of Civil Procedure 4(i) (stating rules for serving United States and its agencies). *See* L.R. 4.1(a) ("Any summons not returned with proof that it was served within 90 days of the filing of the complaint is deemed to be unserved for the purpose of Fed. R. Civ. P. 4(m).").

(D. 10).

Rule 4(l), proof is made to the court by the server's affidavit. Fed. R. Civ. P. 4(l).[3]

## III. **DISCUSSION**

### I. **Good Cause to Extend Time to Serve Defendant**

As noted, Rule 4(m) requires a showing of good cause to extend the ninety-day period for service.  It is absent here.

First, the plaintiff's pro se status does not, without more, constitute good cause.  *See Fishman v. Trump*, 1:19-cv-11734-JDL, 2020 WL 4431769, at *4 (D. Mass. July 31, 2020) ("Fishman's self-represented status does not, on its own, constitute good cause.") (citation omitted).  To be sure, the court has considered the plaintiff's pro se status in assessing good cause.  Nevertheless, even though the plaintiff is proceeding pro se, he demonstrates a solid ability to represent himself.  For example, the complaint is organized, provides a clear presentation of the facts, and sets out statistics anent the defendant's delay in rendering BFD decisions.

Second, by virtue of the court's December order, the plaintiff was on notice that he had not served the defendant within the ninety-day period.  *See In re Shepherds Hill Dev. Co., LLC*, 316 B.R. 406, 415 (B.A.P. 1st Cir. 2004) (stating litigant has "duty

---

[3] In pertinent part, Rule 4(l) states, that "proof of service must be made to the court" and, "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."  Fed. R. Civ. P. 4(l).

to monitor the case docket for orders and judgments entered"); (D. 10) (stating "docket fails to reflect that the plaintiff served defendant within ninety days after filing this action on June 26, 2025").  Yet, he chose to remain silent, and that silence shows a lack of interest in effectuating service.  *Cf. Mazza v. City of Boston*, 753 F. Supp. 3d 88, 99 (D. Mass. 2024) (noting good cause likely found when "plaintiff has acted diligently in trying to effect service").  In that same vein, the plaintiff has not tried to accomplish service with any degree of diligence.  *Cf. United States v. Tobins*, 483 F. Supp. 2d 68, 78 (D. Mass. 2007) (good cause likely found when "plaintiff has acted diligently in trying to effect service") (citing *McIsaac v. Ford,* 193 F. Supp. 2d 382, 383 (D. Mass. 2002)).

## II.  Discretion to Extend Time Absent Good Cause

Even absent good cause, the court declines to exercise its discretion and extend the time to effectuate service.  The plaintiff fails to provide an excuse for not serving the defendant and has not asked for additional time to accomplish service.  *See Mellen*, 2025 WL 2146681, at *2 (refusing to exercise discretion even without good cause because Mellen "provided no excuse for his insufficient service of process and has not requested additional time to correct that deficiency").  What is more, there is no indication that the defendant has actual notice of this lawsuit.  *See Tobins*, 483 F. Supp. 2d at 79-80 (noting, as factor to consider

6

when good cause is lacking, whether "party to be served received actual notice of the lawsuit") (citation omitted).[4]

### III. Extension of Time Under Rule 4(i)

As a final matter, by its terms, Rule 4(i)(2) and (3) do not apply. To begin, Rule 4(i)(2) and (3) require an extension of time, respectively, for a United States Officer sued in his official capacity and one sued in his individual capacity.[5]

If the defendant is sued in his official capacity, the plaintiff "must serve the United States and also send a copy of" the summons and "complaint by registered or certified mail to" the officer. Fed. R. Civ. P. 4(i)(2). Here, the docket does not show that the plaintiff served the United States. *See* Fed. R. Civ. P. 4(l)(1). By like token, the plaintiff does not state that he served the United States or sent the summons and the complaint to the Director of the United States Citizenship and Immigration Services.

If the defendant is sued in his individual capacity, the plaintiff "*must serve the United States* and also the officer . . . under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3) (emphasis

---

[4] The court also has considered whether the plaintiff will experience severe prejudice if this case is dismissed. *See id.* (noting severe prejudice as another factor to consider) (citation omitted). He will not.

[5] The complaint reflects that the defendant is likely sued in his official capacity. For starters, it does not name the individual currently serving as the Director of the United States Citizenship and Immigration Services, i.e., Joseph B. Edlow.

7

added).  Again, the docket fails to show that the plaintiff served the United States.  Furthermore, the plaintiff did not respond to the December order and does not otherwise suggest that he served the United States.

## IV.   CONCLUSION

Accordingly, per the foregoing discussion, this court orders the case redrawn for reassignment to a district judge and **RECOMMENDS**[6] upon reassignment that the district judge dismiss this action without prejudice for insufficient service.

/s/ Donald L. Cabell
DONALD L. CABELL, Ch. U.S.M.J.

DATED:   January 16, 2026

---

[6] The parties are advised that, under Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  *See Keating v. Sec'y of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983).